IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAREN KEVIN JONES** | )<br>)<br>) **Civil Action No.** |
| Plaintiff, | ) |
| v. | )<br>) |
| **EQUIFAX INFORMATION SERVICES LLC, SOUTHWEST CREDIT SYSTEMS, L.P., and SPRINGLEAF FINANCIAL SERVICES, INC.** | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Daren Kevin Jones, against Equifax Information Services LLC, Southwest Credit Systems, L.P. and Springleaf Financial Services, Inc., for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., as amended, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA").

### THE PARTIES

2. Plaintiff, Daren Kevin Jones is an adult individual residing in Philadelphia, PA.

3. Defendant Equifax Information Services LLC ("Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 815 E. Gate Drive, Suite 102, Mount Laurel, NJ 08054.

4. Defendant, Southwest Credit Systems, L.P. ("Southwest") is a business entity which has a principal place of business located at 4120 International Pkwy., Ste. 1100, Carrollton,

TX 75007. The principal purpose of Defendant is the collection of debts already in default using mail and telephone, and Defendant regularly attempts to collect said debt.

5. Defendant Springleaf Financial Services, Inc. ("Springleaf") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 601 N.W. Second St., Evansville, IN 47708

**JURISDICTION & VENUE**

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS**

8. At all pertinent times hereto, Defendant Southwest was hired to collect a debt relating to a debt originally owed to Comcast Corporation (hereafter the "debt").

9. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

10. At all pertinent times hereto, Plaintiff was not responsible for the debt.

11. Notwithstanding the above, Southwest has been falsely furnishing and/or reporting the information about the debt in connection with Plaintiff's credit history to credit reporting agencies including but not limited to Equifax when it knew or should have known that the debt did not belong to Plaintiff.

12. Alternatively, due to Defendant Equifax's faulty procedures, Defendants Equifax mixed the credit file of Plaintiff and that of another consumer with respect to the debt.

13. The debt negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14. Defendant Equifax have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

15. Defendant Springleaf has accessed Plaintiff's credit files and information impermissibly and through the use of false pretenses, without Plaintiff's consent or knowledge, without legitimate business reason to do so and then never informed Plaintiff of these illegal and impermissible accesses.

16. Defendant Springleaf has been afforded, through contract, a direct access terminal whereby they may, for certain permissible and lawful purposes, access consumer reports from Equifax and possibly other consumer reporting agencies as well.

17. Upon its inquiries to Equifax and other consumer reporting agencies, Defendant Springleaf falsely certified that it was inquiring for an extension of credit or an account review relating to the Plaintiff or other permissible purpose allowed by the FCRA.

18. Defendant Springleaf had no lawful purpose for accessing Plaintiff's consumer report, and accessed it without any consent or knowledge of the Plaintiff.

19. Defendant Springleaf made illegal and impermissible access under false pretenses by falsely certifying their alleged reasons for obtaining the consumer report(s).

20. Defendant Springleaf intentionally accessed Plaintiff's consumer report solely for the purpose of invading Plaintiff's privacy.

21. Plaintiff has disputed the inaccurate information with Defendants Equifax by following Equifax's established procedures for disputing consumer credit information.

22. Plaintiff has disputed the inaccurate information with Equifax from May 2015 through the present.

23. Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least May 2015 through the present.

24. Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

25. Notwithstanding Plaintiff's disputes, Southwest, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agency concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and Southwest has failed to mark the above accounts as disputed.

26. Despite Plaintiff's exhaustive efforts to date, Defendants Equifax and Southwest have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

27. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

28. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

29. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CLAIMS

### COUNT I – EQUIFAX
### VIOLATIONS OF THE FCRA

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

32. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

35. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – SOUTHWEST
## VIOLATIONS OF THE FCRA

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

38. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

39. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – SOUTHWEST
## VIOLATONS OF THE FDCPA

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

42. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

43. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

44. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    (b) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT IV - SPRINGLEAF
## VIOLATONS OF THE FCRA

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. Pursuant to section 1681n of the FCRA, Defendant willfully violated the FCRA by engaging in the following conduct:

  (a)  obtaining a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose in violation of sections 1681n(b) and 1681q; and

  (b)  falsely certifying to a consumer reporting agency that Defendant had a permissible purpose to obtain a consumer report and impermissibly accessing Plaintiff's consumer in violation of section 1681b.

49. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## JURY TRIAL DEMAND

50. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

  (a)  Actual damages;

  (b)  Statutory damages;

  (c)  Punitive damages;

  (d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 1692k(a)(3); and

  (e)  Such other and further relief as may be necessary, just and proper.

          Respectfully Submitted,

          **FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
    MARK D. MAILMAN, ESQUIRE
    GREGORY J. GORSKI, ESQUIRE
    Land Title Building, 19th Floor
    100 South Broad Street
    Philadelphia, PA 19110
    (215) 735-8600

    Attorneys for Plaintiff

Dated October 16, 2015