IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAREN KEVIN JONES, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:15-cv-05650-GAM |
| ) | |
| v. ) | ANSWER AND AFFIRMATIVE |
| ) | DEFENSES |
| EQUIFAX INFORMATION SERVICES LLC, ET ) | |
| AL., ) | (Telephone Consumer Protection Act) |
| ) | |
| Defendants. | |

**DEFENDANT SPRINGLEAF FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, SPRINGLEAF FINANCIAL SERVICES, INC. ("Defendant" or "Springleaf"), by and through its undersigned counsel, for its Answer and affirmative defenses to the Complaint of plaintiff Daren Kevin Jones ("Plaintiff"), states as follows:

## INTRODUCTION

1. Denied in part. In response to Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to allege violations of Fair Credit Reporting Act ("FCRA") only as to Springleaf, but denies that it violated the FCRA and demands strict proof thereof. Plaintiff has alleged no claims against Springleaf for violation of the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

2. Admitted by information and belief that Plaintiff is Daren Kevin Jones.

3. Denied. Defendant is without sufficient information to confirm or deny these allegations and so denies same.

4. Denied. Defendant is without sufficient information to confirm or deny these allegations and so denies same.

5. Admitted only that Defendant is a corporation with an address at 601 N.W. Second Street, Evansville, Indiana 47708.

## JURISDICTION AND VENUE

6. Denied. The allegations in this Paragraph of Plaintiff's Complaint contain conclusion of law to which no response is required at this time.

7. Denied. The allegations in this Paragraph of Plaintiff's Complaint contain conclusion of law to which no response is required at this time

## STATEMENT OF CLAIM

8. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

9. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

10. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

14. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

15. Denied. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Denied. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Denied. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18. Denied. Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Denied. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Denied. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

22. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

23. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

24. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

25. Denied. Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 25 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

26. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. The allegations are directed to parties other than Defendant and Defendant has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

27. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. Defendant has insufficient information and knowledge to either admit or deny the remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

28. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. Defendant has insufficient information and knowledge to either admit or

deny the remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

29. Denied. The allegations of this paragraph contain conclusions of law to which no response is required. Defendant denies all allegations of malicious, intentional, willful, reckless, and grossly negligent conduct to the extent any such allegations are directed at Defendant and demands strict proof thereof.

## COUNT I – EQUIFAX VIOLATION OF THE FAIR CREDIT REPORTING ACT

30. Defendant incorporates its responses to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

32. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

33. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

34. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

35. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

## COUNT II – SOUTHWEST VIOLATION OF THE FAIR CREDIT REPORTING ACT

36. Defendant incorporates its responses to Paragraphs 1-35 of Plaintiff's Complaint as if fully set forth herein.

37. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

38. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

39. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

### COUNT III – SOUTHWEST VIOLATION OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

40. Defendant incorporates its responses to Paragraphs 1-39 of Plaintiff's Complaint as if fully set forth herein.

41. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

42. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

43. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

44. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

45. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

46. Denied. The allegations of this paragraph are directed to other parties, are not directed to Defendant which has no information as to these allegations, and require no response.

### COUNT IV – SPRINGLEAF VIOLATION OF THE
### FAIR CREDIT REPORTING ACT

47. Defendant incorporates its responses to Paragraphs 1-46 of Plaintiff's Complaint as if fully set forth herein.

48. Denied. The allegations of this paragraph are conclusions of law to which no response is required. By way of further response, Defendant denies that it a) obtained a consumer report under false pretenses or without permissible purpose, and b) falsely certified to a consumer reporting agency that it had a permissible purpose, or that it impermissibly accessed consumer data. Defendant demands proof of these allegations at trial.

49. Denied. The allegations of Paragraph 49 are a conclusion of law to which no response is required. By way of a further response, Defendant denies the remaining allegations set forth in Paragraph 49 of Plaintiff's Complaint and demands strict proof thereof.

WHEREFORE, Defendant denies that Plaintiff is entitled to a judgment, actual or punitive damages, statutory damages, injunctive relief, fees and costs and requests the Court to enter judgment in its favor, together with an award of attorney fees and costs as provided by 15 U.S.C.A. sec. 1681(o), and any other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff's claims against Defendant relate to conduct beyond the applicable statute of limitations, they are barred.

### SECOND DEFENSE

The claims asserted by Plaintiff against Defendant will be barred if it is discovered that Plaintiff filed a bankruptcy case, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.

204392022

Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

### THIRD DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff and/or other parties and does not give rise to any liability of Defendant.

### FOURTH DEFENSE

Plaintiff's alleged injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Defendant had no responsibility or control and for which Defendant may not be held liable.

### FIFTH DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Credit Reporting Act, including, but not limited to, Plaintiff's consent and/or implied consent to obtain Plaintiff's consumer information.

### SIXTH DEFENSE

Plaintiff failed to fulfill the statutory conditions necessary to make a private FCRA claim.

### SEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant under the Fair Credit Reporting Act.

### EIGHTH DEFENSE

Plaintiff has suffered no actual damages as a result of the conduct of Defendant and, as a result, cannot demonstrate a "case and controversy" sufficient to create standing.

204392022

8

**NINTH DEFENSE**

Plaintiff's claims against Defendant are barred by the doctrines of waiver, estoppel, laches, release, unclean hands, consent, ratification and/or accord and satisfaction.

**TENTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any.

**ELEVENTH DEFENSE**

Plaintiff lacks standing.

**RESERVATION OF DEFENSES**

Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Dated:  April 15, 2016

CLARK HILL PLC

Respectfully submitted,

*/s/ Christopher J. Day*
Christopher J. Day, Esq.
One Commerce Square
2005 Market Street, Suite 1000
Philadelphia, PA 19103
(215) 640-8521
cday@clarkhill.com

*Attorneys for Defendant,*
*SPRINGLEAF FINANCIAL SERVICES, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, on this the 15th day of April, 2016:

Gregory Gorski
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
ggorski@consumerlawfirm.com
*Counsel for Daren Kevin Jones*

                                           /s/*Christopher J. Day*
                                           Christopher J. Day, Esq.